**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROSE MIRANDA,<br><br>    Plaintiff,<br><br>v.<br><br>FIRST RELIANCE STANDARD LIFE INSURANCE CO.; RELIANCE STANDARD LIFE INSURANCE CO.; and OLYMPUS AMERICA, INC. LONG TERM DISABILITY PLAN,<br><br>    Defendants._____/ | No. CV 09-4452 RS (NJV)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**<br><br>(Docket No. 37) |

    This is an action by Plaintiff Rose Miranda under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover disability benefits under the terms of an employee benefit plan, to enforce her rights under the plan, and to clarify her rights to future benefits under the plan against Defendants First Reliance Standard Life Insurance Company, Reliance Standard Life Insurance Company, and Olympus America, Inc. Long Term Disability Plan ("Olympus LTD Plan"). On February 28, 2011, Defendants filed a motion for a protective order to relieve them from complying with four depositions noticed by Plaintiff. Doc. No. 37. The district court has referred Defendants' motion for a protective order and all future discovery matters to this Court for determination. Doc. No. 39. On April 5, 2011, Plaintiff filed a motion to compel responses to her interrogatories and requests for production ("RFP") of documents. Doc. No. 46. Pursuant to the parties' stipulation, the Court heard argument on both motions on May 4, 2011 and ordered the parties to meet and confer in a further attempt to resolve and narrow the pending discovery disputes. Doc. Nos. 49, 55. The parties have informed the Court that they were unable to resolve the discovery disputes. Having carefully considered the arguments of the parties and the papers submitted, and for good cause

shown, the Court **grants in part and denies in part** Defendants' motion. The Court will address Plaintiff's motion to compel in a separate order.

## I. BACKGROUND

Plaintiff was an employee for Olympus America, Inc. and a participant in her employer's group long term disability plan, Defendant LTD Plan, which is governed by ERISA. The LTD Plan was insured by Defendants First Reliance and Reliance Standard (collectively referred to as "First Reliance"). First Reliance also served as the administrator of the Olympus LTD Plan. On or about November 25, 2004, Plaintiff stopped working due to various medical conditions. She submitted a claim for long term disability benefits under the LTD Plan to First Reliance, who approved her claim. Plaintiff began receiving disability benefits. On or about December 12, 2008, First Reliance terminated Plaintiff's disability benefits due to its determination that Plaintiff was no longer disabled. Plaintiff appealed this determination and First Reliance upheld the termination of Plaintiff's disability benefits. Plaintiff filed this action on September 22, 2009.

On February 8, 2011, Defendants were served with four deposition notices. Plaintiff seeks to depose First Reliance employees who made the initial and appeal claim decisions (Cindy Gysin and Gene Shaw, respectively), a rehabilitation nurse specialist who reviewed Plaintiff's medical records for First Reliance (Heather DiFalco), and the doctor who performed the independent medical examination ("IME") of Plaintiff (Dr. Jeffrey D. Scott). Plaintiff's deposition notice for Dr. Scott was accompanied by a request that he produce various documents. Defendants move for a protective order and Plaintiff opposes the motion. The Court heard argument on the motion on May 4, 2011.

On April 5, 2011, after the briefing was completed on this motion, Plaintiff filed a motion to compel responses to her interrogatories and RFPs. Plaintiff seeks to compel Defendant LTD Plan to respond to interrogatory Nos. 1 and 2 and RFP Nos. 1, 2, and 4; and to compel Defendants First Reliance and Reliance Standard to respond to interrogatory Nos. 5 through 11 and RFP Nos. 5 through 14. Defendants oppose the motion and the matter was heard simultaneously with Defendants' motion for a protective order.

United States District Court
For the Northern District of California

The district court recently approved the parties' stipulation to continue the pretrial and trial dates by 60 days. Doc. No. 51. The discovery cut-off is now July 12, 2011 and trial is set for October 11, 2011.

## II. DISCUSSION

Because First Reliance served as both the insurer and the administrator of the Olympus LTD Plan, there is an inherent conflict of interest. *See Metropolitan Life Insurance Co. v. Glenn*, 554 U.S. 105, 114-15 (2008); *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 630, 632 (9th Cir. 2009); *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1027-28 (9th Cir. 2008). When "the same entity that funds an ERISA benefits plan also evaluates claims," there is an inherent conflict of interest because this entity "is also the insurer, benefits are paid out of the administrator's own pocket, so by denying benefits, the administrator retains money for itself." *Montour*, 588 F.3d at 630. When there is a conflict of interest, the Ninth Circuit has held that in conducting the abuse of discretion review, the district court "must" weigh the conflict "as a factor in determining whether there is an abuse of discretion." *Id*. at 631 (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc)); *see also Metropolitan Life Ins.*, 554 U.S. at 115-17 (reviewing judge to weigh conflict as a factor in its abuse of discretion review).

Generally, under the abuse of discretion review of the denial of benefits by an ERISA plan, the district court's review is limited to the administrative record. *Burke*, 544 F.3d at 1027-28. "In the ERISA context, the 'administrative record' consists of 'the papers the insurer had when it denied the claim.'" *Montour*, 588 F.3d at 632 n.4 (quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1086 (9th Cir. 1999) (en banc)). When there is a potential conflict of interest, however, the district court may "consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Burke*, 544 F.3d at 1028 (quoting *Abatie*, 458 F.3d at 970). The district court has the discretion to permit discovery into the defendant's conflict of interest. *Id*. at 1028 n.15.

In *Montour*, a post- *Metropolitan Life* decision, the Ninth Circuit held that the defendant insurer and the administrator of the ERISA plan "abused its discretion because its conflict of interest

3

too heavily influenced its termination [of long-term disability benefits] decision."[1] 588 F.3d at 626. In reaching this decision, the court examined several factors including the defendant's "failure to present extrinsic evidence of any effort on its part to 'assure accurate claims assessment[,]' such as utilizing procedures to help ensure a neutral review process"; the insured's failure to "submit any extrinsic evidence of bias, such as statistics regarding [the defendant insurer and plan administrator]'s rate of claims denials or how frequently it contracts with the file reviewers it employed in this case"; and the defendant's failure to distinguish the Social Security Administration's ("SSA") determination to award disability benefits and the omission of any reference to the SSA determination by the defendant's medical experts. *Id*. at 634-35.

Therefore, conflict of interest discovery is permitted including discovery into procedures utilized by the First Reliance Defendants to "ensure a neutral review process," what Defendants' doctors reviewed in making their disability benefits determination, and Defendants' "rate of claims denials or how frequently [they] contract[] with the file reviewers it employed in this case." *See id*. The Court exercises its discretion to permit Plaintiff to depose First Reliance employees who made the initial and appeal claim decisions (Gysin and Shaw), First Reliance's rehabilitation nurse specialist who reviewed Plaintiff's medical records (DiFalco), and the doctor who performed the IME for First Reliance (Dr. Scott). The sought deposition testimony is relevant to Plaintiff's claims including the issue of First Reliance's conflict of interest.

The Court grants Defendants' motion in part regarding Plaintiff's request that Dr. Scott produce copies of the 50 medical opinion reports, memos, letters or other writings he prepared related to MES Solutions and that he produce records relating to his compensation by MES Solutions from 2004 through 2010. Doc. No. 38-1, Ex. A (items 3 and 8). Plaintiff has not demonstrated the relevance of these documents, which are not specific to First Reliance and overly broad, to justify their production. Doc. No. 38-1, Ex. A (compare item 3 with item 4).

///

---

[1] Almost all of the district court cases upon which Defendants rely for the argument that discovery is not permitted here predate the Supreme Court's 2008 decision in *Metropolitan Life Insurance Co. v. Glenn* and the Ninth Circuit's application of *Metropolitan Life* in *Burke* and *Montour*.

4

### III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendants' motion. Plaintiff may depose Gysin, Shaw, DiFalco, and Dr. Scott. Dr. Scott is ordered to produce at his deposition the other documents requested by Plaintiff (items 1, 2, 4-7, and 9).

**IT IS SO ORDERED.**

Dated: May 23, 2011

NANDOR J. VADAS
United States Magistrate Judge