**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ROSE MIRANDA,<br><br>    Plaintiff,<br><br>  v.<br><br>FIRST RELIANCE STANDARD LIFE INSURANCE CO.; RELIANCE STANDARD LIFE INSURANCE CO.; and OLYMPUS AMERICA, INC. LONG TERM DISABILITY PLAN,<br><br>    Defendants.<br>_____/ | No. CV 09-4452 RS (NJV)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>(Docket No. 46) |

This is an action by Plaintiff Rose Miranda under the Employee Retirement Income Security Act of 1974 ("ERISA") to recover disability benefits under the terms of an employee benefit plan, to enforce her rights under the plan, and to clarify her rights to future benefits under the plan against Defendants First Reliance Standard Life Insurance Company, Reliance Standard Life Insurance Company, and Olympus America, Inc. Long Term Disability Plan ("Olympus LTD Plan"). The district court has referred all discovery matters to this Court for determination. Doc. No. 39. On February 28, 2011, Defendants filed a motion for a protective order to relieve them from complying with four depositions noticed by Plaintiff. Doc. No. 37. On April 5, 2011, Plaintiff filed a motion to compel responses to her interrogatories and requests for production ("RFP") of documents. Doc. No. 46. Pursuant to the parties' stipulation, the Court heard argument on both motions on May 4, 2011 and ordered the parties to meet and confer in a further attempt to resolve and narrow the pending discovery disputes. Doc. Nos. 49, 55. The parties have informed the Court that they were unable to resolve the discovery disputes. In a separate order, the Court recently granted in part and denied in part Defendants' motion for a protective order. Doc. No. 56. Having carefully considered

the arguments of the parties and the papers submitted, and for good cause shown, the Court **grants in part and denies in part** Plaintiff's motion to compel.

## I. BACKGROUND

Plaintiff was an employee for Olympus America, Inc. and a participant in her employer's group long term disability plan, Defendant LTD Plan, which is governed by ERISA. The LTD Plan was insured by Defendants First Reliance and Reliance Standard (collectively referred to as "the First Reliance Defendants"). The First Reliance Defendants also served as the administrator of the Olympus LTD Plan. On or about November 25, 2004, Plaintiff stopped working due to various medical conditions. She submitted a claim for long term disability benefits under the LTD Plan to the First Reliance Defendants, who approved her claim. Plaintiff began receiving disability benefits. On or about December 12, 2008, the First Reliance Defendants terminated Plaintiff's disability benefits due to its determination that Plaintiff was no longer disabled. Plaintiff appealed this determination and the First Reliance Defendants upheld the termination of Plaintiff's disability benefits. Plaintiff filed this action on September 22, 2009.

On April 5, 2011, after the briefing was completed on this motion, Plaintiff filed a motion to compel responses to her interrogatories and RFPs. Plaintiff seeks to compel Defendant LTD Plan to respond to interrogatory Nos. 1 and 2 and RFP Nos. 1, 2, and 4; and to compel Defendants First Reliance and Reliance Standard to respond to interrogatory Nos. 5 through 11 and RFP Nos. 5 through 14. Defendants oppose the motion and the matter was heard simultaneously with Defendants' motion for a protective order.

The district court approved the parties' stipulation to continue the pretrial and trial dates by 60 days. Doc. No. 51. The discovery cut-off is now July 12, 2011 and trial is set for October 11, 2011. In a separate order, the Court recently granted in part and denied in part Defendants' motion for a protective order.

## II. DISCUSSION

**A.    Legal Standard**

Because the First Reliance Defendants served as both the insurer and the administrator of the Olympus LTD Plan, there is an inherent conflict of interest. *See Metropolitan Life Insurance Co. v.*

2

*Glenn*, 554 U.S. 105, 114-15 (2008); *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 630, 632 (9th Cir. 2009); *Burke v. Pitney Bowes Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1027-28 (9th Cir. 2008). When "the same entity that funds an ERISA benefits plan also evaluates claims," there is an inherent conflict of interest because this entity "is also the insurer, benefits are paid out of the administrator's own pocket, so by denying benefits, the administrator retains money for itself." *Montour*, 588 F.3d at 630. When there is a conflict of interest, the Ninth Circuit has held that in conducting the abuse of discretion review, the district court "must" weigh the conflict "as a factor in determining whether there is an abuse of discretion." *Id*. at 631 (quoting *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 965 (9th Cir. 2006) (en banc)); *see also Metropolitan Life Ins.*, 554 U.S. at 115-17 (reviewing judge to weigh conflict as a factor in its abuse of discretion review).

Generally, under the abuse of discretion review of the denial of benefits by an ERISA plan, the district court's review is limited to the administrative record. *Burke*, 544 F.3d at 1027-28. "In the ERISA context, the 'administrative record' consists of 'the papers the insurer had when it denied the claim.'" *Montour*, 588 F.3d at 632 n.4 (quoting *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1086 (9th Cir. 1999) (en banc)). When there is a potential conflict of interest, however, the district court may "consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Burke*, 544 F.3d at 1028 (quoting *Abatie*, 458 F.3d at 970). The district court has the discretion to permit discovery into the defendant's conflict of interest. *Id*. at 1028 n.15.

In *Montour*, a post- *Metropolitan Life* decision, the Ninth Circuit held that the defendant insurer and the administrator of the ERISA plan "abused its discretion because its conflict of interest too heavily influenced its termination [of long-term disability benefits] decision." 588 F.3d at 626. In reaching this decision, the court examined several factors including the defendant's "failure to present extrinsic evidence of any effort on its part to 'assure accurate claims assessment[,]' such as utilizing procedures to help ensure a neutral review process"; the insured's failure to "submit any extrinsic evidence of bias, such as statistics regarding [the defendant insurer and plan administrator]'s rate of claims denials or how frequently it contracts with the file reviewers it employed in this case"; and the defendant's failure to distinguish the Social Security

3

Administration's ("SSA") determination to award disability benefits and the omission of any reference to the SSA determination by the defendant's medical experts. *Id*. at 634-35.

While conflict of interest discovery is permitted, it "must be narrowly tailored to reveal the nature and extent of the conflict, and must not be a fishing expedition." *Zewdu v. Citigroup Long Term Disability Plan*, 264 F.R.D. 622, 626 (N.D. Cal. 2010). Permissible conflict of interest discovery includes discovery into procedures utilized by the First Reliance Defendants to "ensure a neutral review process"; what Defendants' doctors reviewed in making their disability benefits determination; the number of disability claims reviewed, granted, and denied; "how frequently [Defendants'] contract[] with the file reviewers it employed in this case"; compensation agreements between Defendants and their medical professionals or file reviewers; and performance evaluations of medical professionals involved in the handling of Plaintiff's claim. *See Montour*, 588 F.3d at 634-35; *Zewdu*, 264 F.R.D. at 628-29.

**B.    Defendant LTD Plan**

Plaintiff seeks to compel Defendant LTD Plan to respond to interrogatory Nos. 1 and 2 and RFP Nos. 1, 2, and 4.

1.    Interrogatory No. 1 and RFP No. 1:  Plan Documents

Interrogatory No. 1 requests Defendant LTD Plan to identify plan documents and RFP No. 1 requests Defendant LTD Plan to produce the plan documents. Defendant LTD Plan does not object to Interrogatory No. 1 or RFP No. 1 and in its response states that it is reviewing its record and will produce the documents. Defendant LTD Plan has not yet, however, identified and produced the plan documents. The Court grants this portion of Plaintiff's motion to compel and orders Defendant LTD Plan to identify and produce the plan documents within fourteen (14) days of the filing of this order.

2.    Interrogatory No. 2 and RFP No. 2:  All Employee Benefit Plans

Interrogatory No. 2 requests Defendant LTD Plan to identify all documents distributed to its employees during Plaintiff's employment "describing any and all employee benefit plans" and RFP No. 2 requests Defendant LTD Plan to produce such documents. This request is overly broad and seeks irrelevant material because it is not limited to long term disability plans or to Defendant LTD Plan's potential conflict of interest. The Court denies this portion of Plaintiff's motion to compel.

4

### 3. RFP No. 4: Documents Identified in Interrogatory Responses

Defendant LTD Plan does not oppose Plaintiff's motion to compel regarding RFP No. 4 to produce documents identified in its responses to Plaintiff's First Set of Interrogatories. The Court therefore grants this portion of Plaintiff's motion to compel. If Defendant LTD Plan has not yet produced responsive documents, the Court orders it to do so within fourteen (14) days of the filing of this order.

## C. Defendants First Reliance and Reliance Standard

Plaintiff also seeks to compel Defendants First Reliance and Reliance Standard to respond to interrogatory Nos. 5 through 11 and RFP Nos. 5 through 14. Defendants First Reliance and Reliance Standard have only produced Section C of the claims manual and have not produced any other documents. Defendants indicate that they will provide verified responses, which moots Plaintiff's argument regarding the lack of verification of Defendants' discovery responses.

### 1. Defendant Reliance Standard

Defendant Reliance Standard generally objects to Plaintiff's requested discovery on the grounds that it is not the plan or claims administrator; it is a "completely different corporate entit[y]" from Defendant First Reliance; and because Defendant First Reliance (not Defendant Reliance Standard) issued the underlying policy. Defendants do not support their argument, however, with documentation. On the other hand, Plaintiff submitted documentation in support of her argument that Defendants First Reliance and Reliance Standard are intertwined subsidiaries and that Defendant Reliance Standard was involved in handling Plaintiff's claim. *See* Declaration of Brent Dorian Brehm, Exs. A, B, and D (Doc. No. 54-1). Plaintiff's documentation includes correspondence regarding Plaintiff's claim from a Reliance Standard employee and from MES Solutions to Reliance Standard. *Id.* at Exs. B, D. Therefore, the Court rejects Defendants' unsupported argument that Defendant Reliance Standard was not involved in handling Plaintiff's claim.

/ / /

/ / /

5

2.  Interrogatory Nos. 5 & 6 and RFP Nos. 5 & 6:  Claims Manuals

Interrogatory Nos. 5 and 6 respectively request Defendants First Reliance and Reliance Standard to identify claims manuals regarding administrative processes and safeguards pursuant to 29 C.F.R. § 2560.503-1(b)(5) and claims manuals for long term disability claims at the time Plaintiff's claim was handled by Defendants.  Pursuant to 29 C.F.R. § 2560.503-1(b)(5), employee benefit plans are "obligated to establish and maintain reasonable claims procedures" including ensuring that the

> claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants.

RFP Nos. 5 and 6 request Defendants to produce the claims manuals responsive to Interrogatory Nos. 5 and 6.

Defendants do not object to these interrogatories or RFPs, but argue instead that they have already identified and produced the requested documents and that Plaintiff's motion to compel is therefore moot.  Defendant First Reliance has only produced Section C of the claims manual, which Plaintiff argues does not fully respond to the interrogatories or the RFPs.  The Court grants this portion of Plaintiff's motion to compel to the extent that Defendants First Reliance and Reliance Standard have not fully responded.  *See Zewdu*, 264 F.R.D. at 628 (permitting discovery of claims manuals used); *see also McCurdy v. Metropolitan Life Ins. Co.*, 2007 WL 915177, *4 (E.D. Cal. March 23, 2007) (Discovery permitted as to "all in-house, Metropolitan Life Insurance Company, documents, including claim and procedural manuals, guidelines, bulletins, and memoranda, describing or pertaining to the handling of disability claims in general, and disability claims involving [plaintiff's particular medical issue]").  If Section C of the claims manual is the only responsive document to Interrogatory Nos. 5 and 6 and RFP Nos. 5 and 6, as Defendants' opposition implies, within fourteen (14) days of the filing of this order, Defendants are ordered to supplement their responses with verified statements clearly indicating that all responsive documents have been identified and produced.  Otherwise, Defendants First Reliance and Reliance Standard are ordered to identify and produce the requested documents within fourteen (14) days of the filing of this order.

6

3.  Interrogatory Nos. 7-9 and RFP Nos. 8-12:  MES Solutions

Interrogatory Nos. 7, 8, and 9 respectively request identification of the number of times Defendants used MES solutions to evaluate an insurance claim for the 2004-2010 calendar years; how much money Defendants paid MES Solutions for medical review and related services for the 2004-2010 calendar years; and the number of times Defendants terminated or denied an insurance claim within six months following an evaluation by MES Solutions for the 2004-2010 calendar years. RFP Nos. 10, 11, and 12 request Defendants to produce the documents responsive to Interrogatory Nos. 7, 8, and 9. RFP No. 8 requests documents regarding Defendants' financial arrangements with MES Solutions between January 1, 2004 and January 1, 2010. RFP No. 9 requests Defendants' documents that provide instructions to MES Solutions regarding its reports between January 1, 2004 and January 1, 2010.

Defendant First Reliance initially objected to Interrogatory Nos. 7, 8, and 9 without providing any additional response. Since the filing of Plaintiff's motion to compel, however, Defendant First Reliance supplemented its interrogatory responses. Without waiving its objections, Defendant First Reliance responded that it used MES twenty-five (25) times between 2007 and 2009; paid MES $23,892.20 for the twenty-five (25) claims between 2007 and 2009; and that between calendar years 2007 and 2009, fourteen (14) claims were denied or terminated within six months of receiving a review by MES.[1]

Defendant First Reliance argues that Plaintiff's request for information regarding MES for the 2004, 2005, 2006, and 2010 calendar years is overbroad and irrelevant because Plaintiff was not eligible for benefits until 2005 and because Plaintiff was paid benefits through December 2008. Plaintiff disagrees and counters that her date of disability occurred in 2004.

The Court grants in part and denies in part Plaintiff's motion to compel further responses to Interrogatory Nos. 7, 8, and 9 and RFP Nos. 8 through 11. The information sought regarding MES Solutions is permissible conflict of interest discovery. *See Montour*, 588 F.3d at 634-35; *Zewdu*, 264 F.R.D. at 628. Without resolving the parties' arguments regarding eligibility for benefits, date

---

[1]  At the hearing, Defendants stated that they would serve verified responses clarifying that their supplemental responses were for the three calendar years of 2007, 2008, and 2009.

7

of disability, or the definition of "own occupation" or "any occupation," the Court exercises its discretion to permit discovery regarding MES Solutions but limits the time period to November 1, 2004 through January 1, 2010. The time period for Plaintiff's discovery requests are inconsistent. Some RFPs request documents through January 1, 2010, and other interrogatories and RFPs request information and documents for the entire calendar year of 2010. At the hearing, Plaintiff agreed to limit its request for information through January 1, 2010. Defendants First Reliance and Reliance Standard are ordered to supplement[2] their responses to identify and produce the requested documents as limited by the Court within fourteen (14) days of the filing of this order.

The Court denies Plaintiff's motion to compel production in response to RFP No. 12 as overly burdensome. Plaintiff will receive the relevant information from Interrogatory No. 9 regarding the number of times Defendants terminated or denied an insurance claim within six months following an evaluation by MES Solutions between November 1, 2004 and January 1, 2010.

   4.  Interrogatory Nos. 10 & 11 and RFP Nos. 13 & 14: Employees

Interrogatory No. 10 seeks information regarding the education, training, and experience of Cindy Gysin, Heather DiFalco, Jody Barach, Gene Shaw, Alex Peaker, and any other employee involved in handling or supervising Plaintiff's claim. RFP No. 13 requests Defendants to produce the documents responsive to Interrogatory No. 10. The individuals identified by name include First Reliance employees who made the initial and appeal claim decisions (Gysin and Shaw, respectively) and the rehabilitation nurse specialist who reviewed Plaintiff's medical records for First Reliance (DiFalco). The Court exercises its discretion to permit the discovery sought in Interrogatory No. 10 and the training documentation sought in RFP No. 13, but finds no basis for Plaintiff's request for documentation of an employee's education or experience. *See Zewdu*, 264 F.R.D. at 628 (permitting discovery of performance evaluations of medical professionals involved in the handling of the plaintiff's claim and the procedures used to evaluate those employees, limited to "a five-year time period surrounding the administration of Plaintiff's claim"). Plaintiff will receive the information sought based on Defendants' responses to Interrogatory No. 10. The Court orders Defendants First

---

  [2] Only Defendant First Reliance has responded to the interrogatories and RFPs regarding MES Solutions and its responses were limited to the calendar years 2007, 2008, and 2009.

8

Reliance and Reliance Standard to identify and produce the requested documents within fourteen (14) days of the filing of this order.

Interrogatory No. 11 asks how these same individuals were involved in the handling of Plaintiff's claim and how "these individuals supervisors" were compensated by Defendants for the 2004 through 2010 calendar years. RFP No. 14 requests Defendants to produce the documents responsive to Interrogatory No. 11. This interrogatory and its corresponding RFP are compound and unclear. Plaintiff is instructed to separate its request into two interrogatories and two RFPs. Plaintiff is also instructed to clarify "these individuals supervisors." It is unclear whether Plaintiff is requesting the compensation information for the individuals identified; the individuals identified *and* their supervisors; or the supervisors of the individuals identified. Plaintiff is not entitled to discovery into compensation information for the supervisors of the individuals identified because this information is not relevant and outside the scope of permissible conflict discovery. To the extent that Interrogatory No. 11 and RFP No. 14 request compensation information for the supervisors of the individuals identified, this portion of Plaintiff's motion to compel is denied.

Plaintiff is entitled, however, to discover the compensation information for the individuals involved in the handling of Plaintiff's claim. *See Montour*, 588 F.3d at 634-35; *Zewdu*, 264 F.R.D. at 628. Though Defendant First Reliance initially objected to Interrogatory No. 11, its supplemental response disclosed that the employees received "a salary only and no bonuses." Therefore, Plaintiff's motion to compel a response to the compensation portion of Interrogatory No. 11 is now moot as to Defendant First Reliance. Defendant Reliance Standard has not responded with its compensation information. The Court grants Plaintiff's motion to compel responses to the remainder of Interrogatory No. 11 and RFP No. 14, but limits the time period in RFP No. 14 to November 1, 2004 through January 1, 2010, as described in more detail above.

Defendants First Reliance and Reliance Standard are ordered to supplement their responses to identify and produce the requested documents as limited by the Court above within fourteen (14) days of the service of Plaintiff's revised Interrogatory No. 11 and RFP No. 14 requests.

///

9

### 5. RFP No. 7: Documents Identified in Interrogatory Responses

Defendant First Reliance does not oppose Plaintiff's motion to compel regarding RFP No. 7 to produce documents identified in its response to Plaintiff's First Set of Interrogatories. Defendant Reliance Standard responded that it has produced the entire claim file with its initial disclosures and that the claim file contains all documents responsive to this request. As to Defendant Reliance Standard, to the extent that it is required to supplement its interrogatory responses as described above, the Court orders it to supplement its response to RFP No. 7 within fourteen (14) days of the filing of this order. If Defendant First Reliance has not yet produced responsive documents, the Court orders it to do so within fourteen (14) days of the filing of this order.

### 6. Documents Contained in the Administrative Record

To the extent that some of the discovery permitted above has already been provided to Plaintiff as part of the administrative record, "Plaintiff is entitled to verified, written responses confirming" and clearly stating this. *Zewdu*, 264 F.R.D. at 629. Plaintiff is entitled to production of the discovery requests approved by the Court that were not contained in the administrative record. *Id*.

## III. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Plaintiff's motion. In summary:

**A. Defendant LTD Plan**

1) The Court grants Plaintiff's motion to compel Defendant LTD Plan's response and production to Interrogatory No. 1 and RFP No. 1 regarding plan documents; and to RFP No. 4 regarding documents identified in its interrogatory responses. Defendant LTD Plan must identify and produce the requested documents within fourteen (14) days of the filing of this order.

2) The Court denies Plaintiff's motion to compel Defendant LTD Plan's response and production to Interrogatory No. 2 and RFP No. 2 regarding "any and all employee benefit plans."

**B.     Defendants First Reliance and Reliance Standard**

1) The Court grants Plaintiff's motion to compel responses to Interrogatory Nos. 5 and 6 and RFP Nos. 5 and 6 regarding claims manuals to the extent that Defendants have not fully responded.

2) The Court grants in part and denies in part Plaintiff's motion to compel further responses to Interrogatory Nos. 7, 8, and 9 and RFP Nos. 8 through 11 regarding MES Solutions but limits the time period from November 1, 2004 through January 1, 2010. The Court denies Plaintiff's motion to compel production in response to RFP No. 12 as overly burdensome.

3) The Court grants Plaintiff's motion to compel a response to Interrogatory No. 10 regarding Defendants' employees. The Court grants Plaintiff's motion to compel a response to RFP No. 13 as to training documentation, but denies Plaintiff's motion to compel as to education and experience documentation.

4) The Court grants in part and denies in part Plaintiff's motion to compel responses to Interrogatory No. 11 and RFP No. 14 regarding compensation of Defendants' employees. Plaintiff is instructed to separate its request into two interrogatories and two RFPs, and to clarify "these individuals supervisors." Plaintiff's motion to compel a response to the compensation portion of Interrogatory No. 11 is now moot as to Defendant First Reliance. The Court grants Plaintiff's motion to compel responses to the remainder of Interrogatory No. 11 and RFP No. 14, but limits the time period in RFP No. 14 to November 1, 2004 through January 1, 2010, as described in more detail above.

5) The Court grants Plaintiff's motion to compel Defendants to supplement their responses to RFP No. 7 regarding documents identified in their interrogatory responses.

Unless instructed otherwise above, Defendants First Reliance and Reliance Standard are ordered to supplement their responses to identify and produce the requested documents as limited by the Court within fourteen (14) days of the filing of this order.

To the extent that disagreements arise about the wording of any modified or new discovery requests or Defendants' compliance with this order, the parties are instructed to meet and confer in person or by telephone to efficiently and amicably resolve the issues. If resolution is not possible after the in person or telephone meet and confer, the parties may raise future discovery issues to the Court through a succinct letter brief limited to five (5) pages accompanied by a brief declaration outlining the parties' in person or telephone meet and confer process.

**IT IS SO ORDERED.**

Dated: June 15, 2011

NANDOR J. VADAS
United States Magistrate Judge